IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY, COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>GMRI, INC. d/b/a BAHAMA BREEZE,<br><br>Defendant. | Case No.: 1:08-cv-02214<br>District Judge Boyko<br>Magistrate Judge McHargh |

## AGREED PROTECTIVE ORDER

Plaintiff, Equal Employment Opportunity Commission, and Defendant GMRI, Inc. d/b/a Bahama Breeze, and by and through their respective counsel, have agreed to the following with respect to certain matters of discovery.

1. Plaintiff has sought discovery in this matter responses to which Defendant contends contain trade secrets, business secrets and other confidential information including private and/or confidential information regarding employees and former employees of Defendant.

2. "Document," for purposes of this Order, encompasses all written, recorded, or graphic material as well as all electronically stored material.

3. Defendant contends that release or publication of this information or these documents would cause Defendant considerable and substantial irreparable harm, and may cause Defendant, its employees and/or former employees annoyance, embarrassment, and oppression. Defendant further contends that release or publication of this information or these documents

- 1 -

would constitute an unwarranted invasion of the personal privacy of Defendant's employees or former employees and may cause individual embarrassment, annoyance and oppression.

4. Defendant is willing to produce certain information and documents that may be relevant or which has been requested on the condition that the following Protective Order be entered by this Court in order to protect the confidential, proprietary, and personal nature of the information from disclosure to the public generally or for purposes other than prosecuting or defending the claims of the parties in this case.

NOW, THEREFORE, it is hereby ordered:

1. Any and all documents or other materials or information produced by Defendant Bahama Breeze in the course of this litigation, which contain trade secrets, business secrets, and confidential, private and proprietary information with regard to the business interests of Defendant, or which contain confidential personal information concerning Defendant's employees or former employees may be designated "CONFIDENTIAL" by Defendant.

2. Any and all documents or other materials or information produced by Defendant Bahama Breeze in the course of this litigation, which contain confidential personal information (including without limitation addresses, telephone numbers, Social Security numbers, date or birth, account numbers, compensation and financial information, reference checks, performance and disciplinary records, complaints or grievances) concerning Defendant's employees or former employees who are not named parties/aggrieved persons to this action are hereby designated "CONFIDENTIAL."

3. Any and all documents or other materials or information produced by Defendant Bahama Breeze in the course of this litigation which contain confidential, private and proprietary information with regard to the business interests of Defendant, including the identities and

identifying information of any not named party/aggrieved persons contained in any investigation notes, files or reports made by internal or external investigators, are hereby designated "CONFIDENTIAL." Defendant believes that failing to protect such information may have a chilling effect on employees' willingness to participate in future investigations.

4. The inadvertent disclosure of any document which is subject to a legitimate claim that the document should have been withheld from disclosure shall not waive any privilege or other applicable protective doctrine for that document or for the subject matter of the inadvertently disclosed document if the producing party, upon becoming aware of the disclosure, promptly requests its return and takes reasonable precautions to avoid such inadvertent disclosure. Such documents (and all copies, electronic or otherwise of such documents) shall promptly be returned to the disclosing party upon discovery by the other party or upon request of the disclosing party.

5. Materials or documents may be designated "CONFIDENTIAL" by either the materials or documents being labeled "CONFIDENTIAL" by stamp or other means at the time of production or during deposition of the intention to treat the materials or documents as "CONFIDENTIAL," with subsequent written confirmation.

6. Materials or documents produced by Defendant that are designated "CONFIDENTIAL" shall be used by Plaintiff, or those working on its behalf, only for litigation of this action and shall not be used for any other purposes. Disclosure of "CONFIDENTIAL" materials or documents shall be limited to Plaintiff's attorneys or legal interns, Plaintiff's experts or consultants, and the support and clerical personnel working with such attorneys, legal interns, experts or consultants. Plaintiff may disclose "CONFIDENTIAL" information relating to a witness to that witness.

7.  No copies, summaries, or abstracts of any nature of the "CONFIDENTIAL" materials or documents disclosed by Defendant shall be made by Plaintiff or their attorneys or legal interns for distribution or for use by anyone other than the persons identified in the immediately preceding paragraph.

8.  Pursuant to Paragraph 13 hereof, none of the materials or documents designated "CONFIDENTIAL" shall be made a part of the public record herein, but rather shall be filed under seal and kept under seal of the Clerk of the Court.

9.  Prior to disclosure of any "CONFIDENTIAL" materials or documents to any expert or consultant, counsel shall obtain the signature of each such person to whom the information is to be disclosed on a copy of this Protective Order. The person's signature on this Order constitutes an agreement to comply with the terms of this Order unless and until the same is modified by a subsequent Order of the Court.

10. It is the purpose of this Protective Order to prevent prolonged discovery disputes between the parties and unnecessary public disclosure of materials, documents, and information that Defendant claims are "CONFIDENTIAL" but which is being produced by Defendant for purposes of discovery in the above-captioned action, without the necessity for presently deciding whether such non-public materials, documents or information would ultimately be determined to be confidential or proprietary in the strict legal sense.

11. Nothing herein shall preclude Defendant's counsel from agreeing to waive any "CONFIDENTIAL" designation that had been made.

12. If Plaintiff disagrees with the designation of any document or information as "CONFIDENTIAL," the parties will attempt in good faith to resolve such dispute informally, and if they are unable to do so, may ask the Court to resolve such dispute.

13. Nothing herein shall affect or inhibit the right of either party to admit into evidence at trial or to otherwise submit any "CONFIDENTIAL" document under seal with any concurrently filed pleadings, any document protected herein, or to object to the admission into evidence of any such document.

14. Should either party believe that it is necessary for purposes of preparation for the trial in this matter to disclose any information previously designated as CONFIDENTIAL, the party seeking disclosure will inform counsel of opposing party in writing of the information it proposes to disclose. Opposing counsel shall respond within five working days, advising whether s/he consents to such disclosure, which consent shall not unreasonably be withheld. If, after consultation, no agreement is reached, the party desiring to disclose shall file a motion with the Court seeking permission to disclose.

15. The parties' need for the information deemed "CONFIDENTIAL" pursuant to this Order will cease at the conclusion of the action. Therefore, all such documents and information, including any copies, summaries, and abstracts of any nature of any materials or documents designated "CONFIDENTIAL" shall be returned to Defendant by Plaintiff's attorneys at Defendant's cost within 30 days after the conclusion of this action.

16. Either party may at any time seek modification, revision, clarification or termination of this Order. This Protective Order shall be binding on the parties hereto when signed regardless of whether or when the Court enters its Order.

So ordered this 2nd day of MARCH 2009.

*Christopher A. Boyko*
JUDGE CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT COURT

Approved:

/s/ Debra Lawrence (with permission)
Debra M. Lawrence
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
10 S. Howard Street
Baltimore, Maryland 21201

Attorneys for Plaintiff
Equal Employment Opportunity Commission


/s/ Delaine Smith
Delaine R. Smith*
Kathryn W. Pascover
P. Daniel Riederer*
FORD & HARRISON LLP
795 Ridge Lake Boulevard, Suite 300
Memphis, Tennessee 38120

AND

Stephanie Dutchess Trudeau
ULMER & BERNE LLP
1660 West 2nd Street, Suite 1100
Cleveland, Ohio 44113-1448

Attorneys for Defendant
GMRI, Inc., d/b/a Bahama Breeze